In 1794, Evan Skinner, the testator, made a parol gift of a negro girl named Bet to his son, the Defendant. Bet had issue after 1794, Jim, Agg, March, Candis, Wilcox, John, Clarissa and Frank; and she and her issue remained in possession of the testator until his death, he acknowledging that they were the property of the Defendant. The negroes came to the possession of the Plaintiff, who was appointed executor of (536) the last will of Evan Skinner, and he as executor, hired to the Defendant the negroes Bet, Jim, John, Clarissa and Frank. Before the term of hire was expired, the Defendant got into his possession the other negroes, Agg, March, Candis and Wilcox, and the term of hire having expired, he refused to return to the Plaintiff any of the negroes, setting up a claim to them under the parol gift made in 1794. The Plaintiff brought an action of detinue to recover the negroes. The Defendant pleaded, "the general issue, and statute of limitations." The plaintiff replied, "the act of 1806, ch. — ."
Upon the trial, the presiding Judge charged the Jury, that as to the negroes Bet, Jim, John, Clarissa and Frank, the Defendant was estopped to deny the Plaintiff's title, he having come into the possession of them by hiring them from the Plaintiff; that therefore a verdict must be given for the Plaintiff, as to them. That, as to the other negroes, the gift from Evan Skinner to the Defendant being valid, the Plaintiff was not entitled to recover. That the act of 1806 barred the action and not the title; and, as the Defendant had obtained the peaceable possession of those negroes, and without any contract with the Plaintiff, his possession ought not to be disturbed in this suit. The Jury gave a verdict as directed by the Court, and the Plaintiff having obtained a rule *Page 331 
for a new trial, and the rule being discharged, the Plaintiff appealed to this Court.
I have labored in vain to discover a substantial difference in the wording of the act of 1806, respecting the limitation of time within which actions shall be brought on parol gifts of slaves theretofore made, and our common act of limitation of actions; and the construction uniformly put on the common act of limitations, being that it affects the remedy only, and not the right, or that possession aids only in repelling a claim, and not in shewing a right, I am constrained to put the same construction on the act of 1806. But I well remember, when on the Circuit Bench at Person Superior Court, I decided that (537) the act of 1806 barred the right, and not the remedy only. I then thought the construction right; but on a full examination, I am induced to think I was wrong. I think the construction which I feel constrained to put upon the act, fraught with evil consequences; but I cannot make the law. These evil consequences, in all those cases where an action of replevin will lie, may be avoided by bringing that action. In it the Defendant or avowant becomes the actor, and the Plaintiff may plead the statute of limitations to his claim. The rule for a new trial must be discharged, and the judgment of the Superior Court affirmed.