I am of opinion that the law was correctly laid down by the presiding judge in his charge to the jury; for, however much we may now regret that the act of 1784 was not construed as a statute of frauds, avoiding all parol gifts of slaves, as well between the parties as where creditors and purchasers were concerned, it is now too firmly settled by a uniform train of decisions to be even questioned, that, as between the parties, and volunteers under them, the transfer is good, and that it is void only where creditors and purchasers are concerned; nor can we adopt the expedient, pressed upon us from the bar, that we would in this case give to the act what we consider to be its true construction, as there has been no decision that a fraudulent or colorable purchaser was not within the prohibition of the act. This would, to our understanding, be something like a subterfuge. The protection of the act is afforded to a purchaser on account of his merits — not his demerits. We cannot perceive the situation of a fraudulent and colorable purchaser to be better than that of the person from whom he purchased. Can title be strengthened by adding a fraudulent link to the chain? It *Page 179 
appears to me that, if either is to be preferred, it is the original party. If Strudwick, therefore, was a fraudulent or colorable purchaser (and this fact was properly left to the jury), he and his voluntary representatives stand in the situation of the husband, Hargrove, from whom he purchased; and, as the parol gift, if made, was binding upon Hargrove, it is binding on the defendant Ashe, who is a volunteer under Strudwick. The judge was also correct in informing the jury that a possession, to be aided by the statute of limitations, must be adverse. He was correct also in stating that three years' adverse possession since the act of 1806 did not give a title, but only barred the remedy.Skinner v. Skinner, 7 N.C. 535. And as the case of (341)Skinner v. Skinner is mentioned, I take the opportunity of retracing an erroneous dictum which fell from me in that case. I there stated that three years' adverse possession would protect a plaintiff in the action of replevin, because the defendant became the actor in the suit. In this I was wrong. The adverse possession for three years in the plaintiff barred the defendant's action, not his right; and when he, in the action of replevin, justified his taking under his title, it was no answer to say that his action was barred, for the justification rested on histitle, and not on his right of action. This dictum did not affect the case of Skinner v. Skinner, nor does it the present one.